UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BIM INVESTMENT CORPORATION, ) <br> SHAFFER REALTY NOMINEE TRUST, ) <br> TYCO HEALTHCARE GROUP LP, and ) <br> W.R. GRACE & CO.-CONN., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. |

COMPLAINT

The Commonwealth of Massachusetts (the "Commonwealth"), by authority of the Attorney General for the Commonwealth, acting at the request of the Massachusetts Executive Office of Energy and Environmental Affairs, brings this complaint and alleges as follows:

NATURE OF THE ACTION

1. This is a civil action for recovery of damages for injury to, loss of, or destruction of natural resources under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607(a), and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-19 ("Chapter 21E"), seeking natural resource damages.

2. The Commonwealth seeks damages in order to compensate for and restore natural resources injured by the release or threat of release of hazardous substances into the environment at or from the Blackburn and Union Privileges Superfund Site in Walpole, Norfolk County, Massachusetts (the "Site"). The Commonwealth also seeks to recover unreimbursed costs of

assessing such damages.

JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action, and the Defendants, pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b). This Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose, and the threatened and/or actual releases of hazardous substances occurred, within this judicial district.

PARTIES

5.     The Plaintiff is the Commonwealth of Massachusetts appearing by and through the Attorney General of the Commonwealth of Massachusetts and the Massachusetts Executive Office of Energy and Environmental Affairs.

6     The Attorney General is the chief law officer of the Commonwealth, with offices at One Ashburton Place, Boston, Massachusetts. She is authorized to bring this action, and to seek the relief requested herein, pursuant to G.L. c. 12, §§ 3 and 11D.

7.     The Executive Office of Energy and Environmental Affairs ("EOEEA") maintains its principal office at 100 Cambridge Street, Suite 900, Boston, Massachusetts. The Secretary of EOEEA is the Massachusetts official designated to act on behalf of the public as trustee for natural resources managed or protected by the Commonwealth and its agencies.

8.     Defendant W.R. Grace & Co.-Conn. ("Grace"), a Connecticut corporation, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Grace is a successor to the liabilities of the Multibestos Company, which owned and operated part of the

Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).  On April 2, 2001, Grace filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), In re W.R. Grace & Co., et al., No. 01-01139 (JKF).

9. Defendant Tyco Healthcare Group LP ("Tyco Healthcare"), a Delaware partnership, is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).  Tyco Healthcare is a successor to the liabilities of The Kendall Company, which owned and operated part of the Site at the time of disposal of hazardous substances within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2).

10. Defendant Shaffer Realty Nominee Trust ("Shaffer Trust"), a Massachusetts trust, is an "owner" of the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

11. Defendant BIM Investment Corporation ("BIM"), a Massachusetts corporation, is an "owner" of the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

GENERAL ALLEGATIONS

12. The Site comprises approximately 22 acres in Walpole, Norfolk County, Massachusetts.  The Site encompasses the areal extent of contamination resulting from the operations of industrial facilities formerly located on both the east and west side of South Street.

13. The Multibestos Company owned a portion of the Site from approximately 1915 to 1935.

14. From approximately 1915 to 1935, the Multibestos Company used a portion of

the Site for the manufacture of asbestos clutch and brake linings. Multibestos disposed of raw asbestos waste, asbestos dust, and off-specification or otherwise unsold finished products containing asbestos at the Site.

15. The Kendall Company owned a portion of the Site from approximately 1937 to 1985.

16. From approximately 1946 to 1983, The Kendall Company used a portion of the Site for a cotton bleaching and mercerizing operation. Caustic solution from the cotton mercerizing process was piped to an unlined settling lagoon and then discharged into a municipal sewer line that ran through the Site.

17. Antimony, arsenic, asbestos, benzene, benzo(b)fluoranthene, benzo(a)anthracene, benzo[a]pyrene, bis(2-ethylhexyl)phthalate, dibenzo(a,h)anthracene, ethylbenzene, indeno(1,2,3-cd)pyrene, lead, manganese, methylene chloride, naphthalene, nickel, vanadium, and zinc are hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and 40 C.F.R. § 302.4, App. A.

18. Each hazardous substance listed in Paragraph 17 has come to be located at the Site.

19. There have been "releases," or a threatened "release," of hazardous substances within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), into the environment at or from the Site.

20. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21. At times relevant to this action, "natural resources" within the meaning of Section 101(16) of CERCLA, 42 U.S.C. § 9601(16), have been and/or are being injured, destroyed,

and/or lost as a result of the release or threatened release of hazardous substances at or from the Site.

22. EOEEA has incurred costs in assessing the injury to, destruction of, or loss of natural resources resulting from the release or threatened release of hazardous substances at or from the Site.

RELATIONSHIP TO GRACE'S CHAPTER 11 FILING

23. Section 362(a)(1) of Title 11 of the United States Code provides that the filing of a petition in bankruptcy operates as a stay of:

> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1).

24. Section 362(b)(4) of the Bankruptcy Code specifies that the automatic stay does not apply to the "commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment . . ." 11 U.S.C. § 362(b)(4).

25. The Commonwealth, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), has the statutory power to bring suit in federal court to recover damages for injury to, destruction of, or loss of natural resources, including reasonable assessment costs, resulting from a release or threatened release of hazardous substances at or from the Site. The Commonwealth's enforcement of environmental laws enacted to protect public health and safety is a classic exercise of police and regulatory authority. Any judgment against Grace for damages or costs in this action will be collected through the Bankruptcy Court so long as the bankruptcy

action is still pending.

FIRST CLAIM FOR RELIEF

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .
>
> shall be liable for –
>
> \*     \*     \*
>
> (C) damages for injury to, destruction of, or loss of natural resources, including reasonable costs of assessing such injury, destruction, or loss resulting from such a release . . .

28. Pursuant to Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), Defendants are jointly and severally liable to the Commonwealth for damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, resulting from a release or threatened release of hazardous substances at or from the Site.

SECOND CLAIM FOR RELIEF

29. The Commonwealth realleges and incorporates by reference the allegations of Paragraphs 1-28 as if they were restated in full.

30. Section 5 of the Massachusetts Oil and Hazardous Material Release Prevention and Response Act (Chapter 21E) provides that:

> "the owner or operator of a vessel or a site from or at which there is or has been a release of oil or hazardous material...
>
> any person who at the time of storage or disposal of any hazardous material

> owned or operated any site at or upon which such hazardous material was stored or disposed of and from which there is or has been a release or threat of release of hazardous material…
>
> . . . shall be liable, without regard to fault, . . . to the [C]ommonwealth for all damages for injury to and for destruction or loss of natural resources, including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of such release or threat of release."

Mass. Gen. Laws ch. 21E, §§ 5(a)(1)and (2), 5(a)(ii).

31. The Defendants are owners or operators of the Site within the meaning of Sections 2 and 5 of Chapter 21E.

32. The Site is a "site" within the meaning of c. 21E, §§ 2 and 5.

33. Antimony, arsenic, asbestos, benzene, benzo(b)fluoranthene, benzo(a)anthracene, benzo[a]pyrene, bis(2-ethylhexyl)phthalate, dibenzo(a,h)anthracene, ethylbenzene, indeno(1,2,3-cd)pyrene, lead, manganese, methylene chloride, naphthalene, nickel, vanadium, and zinc are "hazardous materials" within the meaning of Chapter 21E, §§ 2 and 5.There have been and continue to be "releases" and "threats of releases" of hazardous materials at or from the Site within the meaning of Chapter 21E, §§ 2 and 5.

34. There has been injury to and destruction or loss of natural resources at the Site within the meaning of Chapter 21E, § 5.

35. EOEEA has incurred and will continue to incur costs of assessing and evaluating the injury, destruction or loss of natural resources at the Site.

36. Pursuant to Chapter 21E § 5, the Defendants are liable to the Commonwealth for all damages for injury to and for destruction or loss of natural resources at the Site, including the costs of assessing and evaluating such injury, destruction or loss.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Commonwealth of Massachusetts, respectfully requests that the Court:

A. Award the Commonwealth a judgment against Defendants Tyco Healthcare, Shaffer Trust, and BIM for all damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, at or from the Site;

B. Award the Commonwealth of Massachusetts a judgment fixing the amount of damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss, at or from the Site, for which Defendant Grace is liable; and

C. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Commonwealth of Massachusetts

By its attorneys,

Martha Coakley
Attorney General

 /s/ Matthew Brock
Matthew Brock, BBO No. 553226
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 727-2200
Dated: August 3, 2011                matthew.brock@state.ma.us